ALMON, Justice.
Mary Williams petitioned this Court for a writ of mandamus directed to the Honorable Ralph D. Cook of the Circuit Court of Jefferson County, Alabama. She seeks relief from an order requiring her to arbitrate her dispute with Midfield Auto Sales, Inc.-Subaru (“Midfield”) under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the “FAA”).
On January 25, 1988, Williams, a resident of Jefferson County, purchased a used 1986 Plymouth Colt automobile from Midfield. Midfield’s only place of business is in Jefferson County. The sale of the automobile, including a financing agreement with AmSouth Bank, N.A., took place within the State of Alabama. As part of that transaction, Williams signed a “Retail Buyer’s Order” that contained the following arbitration clause: .
“E. The undersigned purchaser and Midfield Auto Sales, Inc. further agree as follows:
“1. That the motor vehicle described in this sales document has been heretofore traveling in interstate commerce, and has an impact upon interstate commerce.
“2. That in the event any dispute(s) under the terms of this contract of sale arises (including but not limited to the terms of the agreement, the condition of the motor vehicle sold, the conformity of the motor vehicle sold to the contract, the representations, promises, undertakings or covenants made by Midfield Auto Sales, Inc. in connection with the sale of the motor vehicle, or otherwise dealing with the motor vehicle; any terms of financing in connection therewith, or any terms of any credit, life and/or disability insurance purchased simultaneously herewith), that Midfield Auto Sales, Inc. and the purchaser agree to submit such dispute(s) to binding arbitration, pursuant to the provisions of 9 § 1, et sequ [sic][1], and according to the rules of the American Arbitration Association then existing in Birmingham, Alabama.”
Williams alleges that after this sale, she began to have problems with the automobile and discovered that the premiums for the disability and life insurance policy contained in the financing agreement were in excess of the premiums usually charged for similar coverage. She filed an action against Midfield and AmSouth Bank, alleging fraudulent misrepresentation by Midfield concerning the automobile, and alleging negligent, wanton, and intentional failure on the part of both defendants to advise her that the insurance premiums were in excess of a “reasonable price.” Midfield filed a motion to stay on July 28, 1988, arguing that the arbitration clause was binding on Williams and precluded her suit. *148 Following the consolidation of Williams s case with a number of similar cases, the trial court granted Midfield’s motion to stay on December 22,1988. The trial court also ordered the parties to submit their disputes to arbitration, holding that the provisions of the FAA governed. Williams now petitions this Court for relief from that order.
This Court recently decided a case that arose under very similar circumstances. See Ex parte Warren, 548 So.2d 157 (Ala.1989), cert. denied, — U.S. -, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989). Warren involved the sale of an automobile by an Alabama dealership to an Alabama resident. That sales contract contained an arbitration clause that was almost identical to the one contained in Midfield’s retail buyer’s order. In Warren this Court held that the sale in Alabama of an automobile manufactured outside of Alabama to an Alabama resident who is buying it as a consumer and not for commercial purposes, is not a contract involving “interstate commerce,” as that term is used in the FAA, where the seller has its only place of business in Alabama, the vehicle is delivered to the buyer in Alabama, and all obligations arising out of the contract are to be performed in Alabama. Therefore, the Court held that the FAA was not applicable to that transaction, and that the parties would not be compelled to arbitrate. Warren, supra, at 159-60.
The issues presented in the instant case are substantially the same. Therefore, for the reasons stated in Warren, the parties to this transaction will not be compelled to arbitrate. Williams’s petition for writ of mandamus is due to be granted, and the trial court is hereby ordered to set aside its order staying Williams’s action.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. The parties agree that this reference is intended to be to the FAA.